*In re* KOCHANSKI'S ESTATE.

MARSHICK *v.* CLAYT.

WILLS—SIGNATURE—FORGERY.

> Finding that signature to alleged will was a forgery of signature of person claimed to have signed it *held*, sustained by evidence, hence will was not admissible to probate.

SHARPE, MCALLISTER, and WIEST, JJ., dissenting.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 3, 1940. (Docket No. 51, Calendar No. 40,805.)  Decided April 1, 1940.

In the matter of the estate of Mary Kochanski, deceased.  The purported will of Mary Kochanski was presented for probate and objections were filed thereto and the contest was certified to circuit court. Judgment for Emma Marshick and Charles Kochanski, contestants and plaintiffs.  Defendants Martha Clayt, Paul Kochan and the estate of Mary Kochanski, deceased, appeal.  Affirmed.

*Raymond J. Lynch* and *Vincent F. McAuliffe,* for plaintiffs.

*Benjamin B. Gordon,* for defendants.

NORTH, J.  This case, a will contest, was tried in the circuit court without a jury.  The circuit judge found that the purported signature of the testatrix was in fact not her signature and disallowed the will.  The proponents have appealed.

Mary Kochanski, a resident of Wayne county, at the age of approximately 70 years, is claimed by appellants to have executed a will. She died about four years later, February 21, 1938. She left, surviving her, four children and one grandchild, Richard, the son of a deceased son of Mrs. Kochanski. The proponents of the alleged will are Mrs. Kochanski's daughter Martha and her son Paul. The contestants are her daughter Emma and her son Charles. In the main the proponents and appellants herein rely upon their contention that the finding of the trial court was against the great weight of the evidence. In this particular they stress the fact that the alleged will was prepared by an attorney who testified that he was present and observed its execution both by the testatrix and the subscribing witnesses; and that each of the two subscribing witnesses testified to the execution of the will by Mary Kochanski. And in their brief appellants seem to take the view that the only testimony refuting the genuineness of the signature of Mary Kochanski is that of a handwriting expert, Robert E. Moore, who, appellants contend, did not properly qualify as a handwriting expert. However, a review of the record discloses that the circuit judge in arriving at his determination by no means relied exclusively, if at all, on the testimony of the handwriting expert. Instead there were before the court numerous enlarged photostatic copies of genuine signatures of Mary Kochanski. The spurious character of her purported signature on the alleged will is so unmistakable that the circuit judge said:

"So, the court, even aside from the testimony of the handwriting expert—rather upon the court's own observation and examination, finds as a fact that the signature in question is not genuine."

These enlarged photostatic copies of genuine signatures of Mary Kochanski, as well as a photostatic copy of the will, are before us; and we are fully satisfied that the circuit judge was correct in his conclusion.

The record also discloses the following rather suspicious facts. Throughout the will, as originally prepared, it was drawn as the will of *Nellie* Kochanski, but the name Nellie in various places in the will, as appears from the photostatic copy, has been erased and Mrs. Kochanski's given name, Mary, written in. Notwithstanding the attorney testified he made the noted changes, still from the foregoing it is apparent that the attorney's acquaintance with or knowledge of Mrs. Kochanski was very limited. In fact, so far as appears from the record, his only contact with Mrs. Kochanski was on the occasion of the preparation and execution of the alleged will. It is also worthy of some consideration that wherever reference in the will is made to the grandson Richard, he is designated as the *nephew* of Mrs. Kochanski. Richard was the nephew of the proponents of this will. It seems rather incredible that his grandmother, Mrs. Kochanski, in giving information for the will to the attorney and in executing the will itself would have referred to Richard as nephew.

Since we are fully satisfied that the trial judge arrived at the correct conclusion, further review of this record is unnecessary. The judgment disallowing the will is affirmed and the case remanded to the circuit court that it may be certified to the probate court for further proceedings in the estate of Mary Kochanski, deceased. Costs to appellees.

BUSHNELL, C. J., and POTTER, CHANDLER, and BUTZEL, JJ., concurred with NORTH, J.

WIEST, J. (*dissenting*). I am of the opinion that execution of the will was established and the instrument should be admitted to probate.

The attorney who was summoned to prepare the will testified that he visited the bedside of testatrix and there received her direction as to what she wanted done, then went to his office, prepared the will, and returned to the bedside of testatrix, explained the provisions of the will to her, and she was propped up in bed and signed it, and the two witnesses, whose names appear thereon, testified they saw her sign and they signed in her presence. .

The integrity and testimony of the attorney and the subscribing witnesses stand unassailed except by the opinion of the handwriting expert. The so-called handwriting expert was one of limited experience and likely strongly imbued with the infallibility of that art, but in fairness it should be said he cautioned that it was only his opinion. Of course, that is all it could be, except as he pointed out dissimilarities between other signatures of testatrix and the one on the will.

I have examined the enlarged so-called genuine and questioned signatures and, considering that testatrix could not write her own name until late in life and was sick in bed and aged, I do not find enough variance between her agreed and questioned signatures to lead me to cast aside the direct evidence in the case and brand the signature the witnesses say they saw written a forgery.

The judgment should be reversed and the case remanded to the circuit with direction to certify allowance of the will to the probate court. Defendants should recover costs.

SHARPE and McALLISTER, JJ., concurred with WIEST, J.